**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**GEORGE CZEISZPERGER**                                                   **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.** 3:15-CV-037-DMB-SAA

**PRUDENTIAL GROUP LIFE INSURANCE
AND DANA LEIJA**                                                      **DEFENDANTS**

<u>**COMPLAINT**</u>

COMES NOW, Plaintiff George Czeiszperger, father of the deceased Steve Workman, through the undersigned counsel, and files this Complaint to claim life insurance benefits on the life of his decedent son through the Servicemen's Group Life Insurance (hereinafter "SGLI") pursuant to 38 U.S.C. 1970 and 38 C.F.R. § 9.13. In support thereof, Plaintiff states as follows:

1. George Czeiszperger is an adult resident of Coldwater, Tate County, Mississippi.

2. Prudential Insurance Company of America administers the SGLI Insurance through Prudential Group Life Insurance and may be served through its agent for service, CT Corporation System of Mississippi, 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232, or through Neil Mistry, Claims Examiner, Office of Servicemember's Group Life Insurance, OSGLI, 80 Livingston Avenue, Roseland, New Jersey 07065.

3. Dana Leija is a resident of DeSoto County, Mississippi, where she may be served at 7041 Foxhall Drive, Hornlake, Mississippi 38637. Upon information and belief, Dana Leija is a minor who may be served pursuant to Fed. R. Civ. P. 4(g) by following Mississippi law. Service may be accomplished by service upon Dana Leija and service upon one of her parents, David Leija who may be served at 7041 Foxhall Drive, Hornlake, Mississippi 38637 or Amanda Leija who may be served at 3006 Hamilton Avenue, Muscle Shoals, Alabama 35661-3300.

4. This Court has jurisdiction pursuant to 38 U.S.C. § 1975 and 28 U.S.C. § 1331 as federal courts have original jurisdiction to the claim for recovery of SGLI benefits.

5. The Plaintiff prays that Prudential Group Life Insurance interplead the insurance proceeds into this Court and thereafter be dismissed.

6. The decedent Steve Johnathan Workman enlisted in the United States Navy and began his training to become a Corpsman.

7. Prior to leaving for his enlistment training, Steve Johnathan Workman and Dana Leija engaged in intimate sexual relations.

8. Steve Johnathan Workman thereafter went to be trained at the Great Lakes Training Facility and later in San Antonio, Texas, while Dana Leija remained in Mississippi where she attended high school and was apart from Steve Johnathan Workman.

9. While the deceased was in "boot camp" at Great Lakes Training Facility, Dana Leija told the decedent their relationship was permanent. Thereafter while the decedent was training to become a Navy Medic in San Antonio, Texas, Miss Leija advised Steve Johnathan Workman that she was pregnant with his child. She also promised to marry the decedent and adopted the decedent's last name in correspondences.

10. Steve Johnathan Workman procured SGLI benefits during his training to become a Navy Corpsman.

11. In reliance upon the representations by Miss Leija, the decedent listed Dana Leija as a beneficiary on his SGLI policy to provide for what he thought would be his future wife and child. The designation would not have occurred otherwise.

12. Dana Leija was not pregnant with the decedent's child, and apparently was not pregnant at all.

13. Dana Leija did not carry out her promise to marry the decedent either.

14. The representations made by Dana Leija were false, exerted undue influence over the decedent at the time he made the designation of a beneficiary of the SGLI policy. The promise of marriage and representation that Dana Leija was carrying the decedent's child resulted in the "unnaturalness" of the gift to the decedent's family which attempted to procure the benefit of the SGLI proceeds.

15. Dana Leija failed to act in good faith and misrepresented and deceived Steve Johnathan Workman by claiming that she was pregnant with his child and intended to marry him.

16. Steve Johnathan Workman's life ended tragically as a result of an automobile accident.

17. Dana Leija should be estopped from claiming an interest in the SGLI insurance proceeds and should not, in equity, enjoy the benefits.

18. At the time of Mr. Workman's death, while decedent was in the Navy training, Dana Leija was dating and/or was romantically involved with other persons.

19. While a court may not compel a person to fulfill a promise to marry, it may deny the financial benefit which the defendant stands to receive from having made representations which were untrue and which the defendant should not in equity enjoy.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that the Court declare that the designation of Dana Leija as beneficiary of the SGLI benefit be declared invalid and that the SGLI benefit be paid over to the decedent's parents.

Respectfully submitted,

/s/ J. Hale Freeland
J. HALE FREELAND, MS BAR 5525

FREELAND MARTZ, PLLC
405 Galleria Drive, Suite C
Post Office Box 2249
Oxford, Mississippi 38655
662.234.1711
662.234.1739 fax
hale@freelandmartz.com