IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GEORGE CZEISZPERGER**                                                            **PLAINTIFF**

**V.**                                                   **NO. 3:15-CV-00037-DMB-SAA**

**PRUDENTIAL GROUP LIFE**
**INSURANCE; D.L., a minor**                                         **DEFENDANTS**

**ORDER DISMISSING CASE**
**BY REASON OF SETTLEMENT**

The Court has been advised that this action has been settled, or is in the process of being settled. Therefore, it is unnecessary that the action remain upon the calendar of the Court.[1] Accordingly, **IT IS HEREBY ORDERED** that: (1) this action is **DISMISSED without prejudice**; (2) the motion to set aside default,[2] Doc. #19, is **DENIED as moot;** (3) the motion for interpleader and dismissal, Doc. #22, is **DENIED as moot**. The Court retains complete jurisdiction to vacate this Order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary.

SO ORDERED, this 14th day of July, 2015.

                                                                 **/s/ Debra M. Brown**
                                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] The name of D.L., a minor, appears in various places on this Court's docket. The Clerk is directed to replace all docket references to D.L.'s name with her initials. *See* Fed. R. Civ. P. 5.2.

[2] The Court notes that, in the motion to set aside default, Defendant D.L. "requests that this Court award reasonable attorneys' fees for the time spent preparing this response in light of Plaintiff's refusal to abandon the application for default after receiving notice of … insufficiency of service of Defendant." Doc. #19 at 6. Neither the motion to set aside default nor the memorandum supporting it state a legal basis for seeking fees. *See* Doc. #19; Doc. #20. The Court construes the request for attorney's fees as a request for sanctions for violation of Rule 11(b)'s requirements governing representations to the Court. However, Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Insofar as Defendant's request was not contained in a separate motion, it is denied.